[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11227
_____

D.C. Docket No. 5:14-cv-00010-RH-CJK

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

Plaintiff - Counter
Defendant - Appellee,

versus

AMERISURE INSURANCE COMPANY,

Defendant - Counter
Claimant - Appellant,

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,

Defendant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(January 17, 2017)

Before MARCUS, DUBINA, and WALKER,[*] Circuit Judges.

PER CURIAM:

Amerisure Insurance Company ("Amerisure") appeals the district court's grant of summary judgment on the issue of liability in favor of Travelers Property Casualty Company of America ("Travelers"), in Travelers's breach-of-contract action against Amerisure. The central issue in the case is whether Amerisure was obligated to defend a general contractor as an additional insured under a subcontractor's liability policy. The case arose out of a condominium construction project for which W.G. Yates & Sons Construction Company ("Yates") was the general contractor and Jemco Plastering, Inc. ("Jemco") was a subcontractor. Yates was insured by Travelers, and Jemco was insured by Amerisure. After construction was completed, the condominium's unit-owners association sued Yates for breach of contract, code violations, and negligence, and Yates asserted third-party claims against Jemco and other implicated subcontractors. Amerisure denied Yates's demand for coverage, and Travelers filed this action in the United States District Court for the Northern District of Florida alleging that Amerisure had a duty to defend Yates as an additional insured under Jemco's policy.

On appeal, Amerisure argues that the district court erred in ruling: (1) that Amerisure wrongfully refused to defend Yates in the state court action, and

---

[*] Honorable John Walker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

Travelers was entitled to recover the attorney's fees and costs it incurred in defending Yates in the face of Amerisure's refusal to defend; and (2) that Yates' pursuit of third-party claims was a reasonable part of its strategy for defending the claims and, because Amerisure breached its duty to defend, Amerisure was not permitted to second guess that strategy.  After thorough review and having taken oral argument, we affirm the entry of summary judgment for the reasons outlined in the district court's well-reasoned September 30, 2015 order.

**AFFIRMED**.